# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/03/2019
CT Log Number 536743118

TO:   Nicole Marra, General Counsel
Gucci America, Inc.
195 BROADWAY FL 12
NEW YORK, NY 10007-3126

RE:   **Process Served in Virginia**

FOR:  Gucci America, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kimberly Ann Hellebuyck, Pltf. vs. Gucci America, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fairfax County Circuit Court, VA<br>Case # CL20190015615 |
| **NATURE OF ACTION:** | First Cause of Action - False Arrest |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2019 at 09:45 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service |
| **ATTORNEY(S) / SENDER(S):** | Alan J. Cilman<br>10474 Armstrong Street<br>Fairfax, VA 22030<br>(703) 261-6226 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780136786534 |
| | Image SOP |
| | Email Notification,  Brooke Crescenti  Brooke.Crescenti@us.gucci.com |
| | Email Notification,  Nicole Marra  nicole.marra@us.gucci.com |
| | Email Notification,  Jessica Haugen  jessica.haugen@us.gucci.com |
| | Email Notification,  Jennifer Lazo  Jennifer.lazo@gucci.com |
| | Email Notification,  EWA ABRAMS  ewa.abrams@kering.com |
| | Email Notification,  YESENIA POLANCO  yesenia.polanco@kering.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / KN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COMMONWEALTH OF VIRGINIA
## *CIRCUIT COURT OF FAIRFAX COUNTY*
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
(Press 3, Press 1)


**Kimberly Ann Hellebuyck  vs.  Gucci America Inc**

**CL-2019-0015615**

**TO:    Gucci America Inc**
        **Serve: Registered Agent**
        **CT Corporation System**
        **4701 Cox Road Suite 285**
        **Glen Allen VA 23060**


### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby
notified that unless within 21 days after such service, response is made by filing in the
Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and
charges may be taken as admitted and the court may enter an order, judgment or decree
against such party either by default or after hearing evidence.


**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**


Done in the name of the Commonwealth of Virginia, on November 21, 2019.


JOHN T. FREY, CLERK

By:
_____
**Deputy Clerk**


**Plaintiff's Attorney:   Alan J Cilman**

**VIRGINIA**

FILED
CIVIL INTAKE
2019 NOV 15  PM 12: 24
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

IN THE COURT OF FAIRFAX COUNTY

| | |
|---|---|
| Kimberly Ann Hellebuyck, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Gucci America, Inc. | ) |
| Serve: Registered Agent, | ) |
| C. T. Corporation System | ) |
| 4701 Cox Road, Suite 285 | ) |
| Glen Allen, Va. 23060-6808 | ) |
| | ) |
| Defendant. | ) |

No. **2019   15615**

## Complaint

COMES NOW the Plaintiff, Kimberly Ann Hellebuyck, by and through her counsel, Alan J. Cilman, and moves for judgment against the defendant, Gucci America, Inc., on the grounds and in the amounts set forth below:

**Jurisdiction**

1.     This Court has jurisdiction pursuant to Code of Virginia, 1950, as amended § 17.1-513;

**Parties**

2.     Plaintiff Kimberly Ann Hellebuyck was an employee of Defendant Gucci America, Inc. at the Defendant's store in Tysons Galleria in Fairfax County, Virginia;

3.     Defendant Gucci America, Inc. is and at all times herein mentioned was, a corporation licensed to do business and doing business in the Commonwealth of Virginia, and which owned and operated a retail store in Tysons Galleria in Fairfax County, Virginia;

4.    Beginning in or about 1999, Plaintiff Kimberly Ann Hellebuyck was hired by Defendant Gucci America, Inc to work at the Gucci store in Palm Beach, Florida and after receiving may promotions, Defendant Gucci America, Inc. moved Plaintiff Kimberly Ann Hellebuyck to Maryland to open a new store, and thereafter, assigned her to Tysons Galleria;

5.    Plaintiff Kimberly Ann Hellebuyck worked for Defendant Gucci America, Inc. for eighteen (18) years as an exceptional employee;

6.    Plaintiff Kimberly Ann Hellebuyck served as General Manager of the Gucci store in Tysons Galleria;

7.    During her employment Plaintiff Kimberly Ann Hellebuyck consistently worked overtime, consistently received excellent reviews and consistently received pay raises and bonuses;

8.    Under Plaintiff Kimberly Ann Hellebuck's leadership, the Gucci Store at Tysons Galleria increased its profitability and developed into one of Gucci's top producing facilities;

9.    On January 23, 2018, Gucci America, Inc. had Kimberly Ann Hellebuyck arrested and charged with embezzlement;

10.    On January 23, 2018, Gucci America, Inc. through Miguel Simon, Gucci Regional Security Manager, East Coast, falsely advised the Fairfax County Police Department that from December 9, 2017 through December 21, 2017, Plaintiff Kimberly Ann Hellebuck embezzled more than $200.00 from Gucci;

11.    Gucci America, Inc further falsely claimed that there were videos of the embezzlement;

2

12.    As a result of these false claims, Plaintiff Kimberly Ann Hellebuyck was handcuffed, was paraded through the store, was taken to jail and was charged with felony embezzlement;

13.    The preliminary hearing in the felony case, was continued on numerous occasions because Defendant Gucci America, Inc. failed to provide the videos and because Defendant Gucci America, Inc.'s designated witness, Miguel Simon failed to appear in Court;

14.    Eventually, the prosecution gave to counsel copies of the videos which Defendant Gucci America, Inc. provided and which Defendant Gucci America, Inc. claimed showed the alleged embezzlement;

15.    The videos given to counsel and provided by Defendant Gucci America, Inc. in the felony case did not support any criminality whatsoever.

16.    In Virginia, after one is arrested on a felony charge, a preliminary hearing is scheduled to determine if probable cause exists to send the case to trial;

17.    Before the preliminary hearing, the Assistant Commonwealth Attorney realizing that there was no evidence to support Defendant Gucci America, Inc.'s charges against Plaintiff Kimberly Ann Hellebuyck, asked the General District Court to enter an order of *nolle prosequi.*

18.    As a result of the actions of Defendant Gucci America, Inc., Plaintiff Kimberly Ann Hellebuyck was required to and did hire an attorney to represent her in the amount of Nineteen Thousand and 00/100 dollars ($19,000.00);

3

19.    As a result of the actions of Defendant Gucci America, Inc., Plaintiff
Kimberly Ann Hellebuck, prior to the filing of this action, incurred other legal costs in
the amount of Seven Hundred Sixty and 00/100 dollars ($760.00);

20.    As a result of the actions of Defendant Gucci America, Inc., Plaintiff
Kimberly Ann Hellebuyck has suffered depression and anxiety for which she has
received and continues to receive medical care, including, but not limited to, treatment by
her physician and medication;

21.    To date, these medical expenses have included 4 doctor's visits per year at
$100.00 per visit and medications at $100.00 per month. It is anticipated that this will
increase as her physician has suggest psychiatric assistance;

22.    Each year, while working for Defendant Gucci America, Inc., after her
review, Plaintiff Kimberly Ann Hellebuyck would receive a pay increase that averaged
3% per year;

23.    In her last year, Plaintiff Kimberly Ann Hellebuck's salary was One
Hundred Fifty Thousand Two Hundred Sixty-Two and 60/100 dollars ($150,262.60);

24.    At the time of her termination Plaintiff Kimberly Ann Hellebuyck was
fifty-one (51) years old and she had planned to work for Defendant Gucci America, Inc.
until age sixty-two (62);

25.    As a result of the actions of Defendant Gucci America, Inc., Plaintiff
Kimberly Ann Hellebuyck has lost and will lose Two Million One Hundred Twenty-
Three Thousand Six Hundred Thirty-Nine and 00/100 dollars ($2,123,639.00) in salary
from Gucci America, Inc. Additionally, Plaintiff Kimberly Ann Hellebuyck received
annual bonuses based on sales. These bonuses averaged approximately 20% of Plaintiff

4

Kimberly Ann Hellebuyck's salary, which would be Four Hundred Twenty-Four Thousand Seven Hundred Twenty-Seven and 80/100 ($424,727.80) for the period described above;

26.     As a result of the actions of Defendant Gucci America, Inc., Plaintiff Kimberly Ann Hellebuyck has been unable to obtain similar employment and has had to obtain a job that pays Sixty-Five Thousand and 00/100 ($65,000.00) dollars a year, and which does not have medical insurance;

27.     As a result of the actions of Gucci America, Inc. Plaintiff Kimberly Ann Hellebuyck has suffered and continues to suffer mental anguish, embarrassment and humiliation, nightmares, fear, anxiety, loss of security, loss of the enjoyment of life, and damage to her reputation.  Financially, Plaintiff Kimberly Ann Hellebuyck has had to deplete her 401K and has struggled maintaining her mortgage and meeting other expenses, has had difficulty financing her children's college education, all of which has caused further stress;

### First Cause of Action - False Arrest

28.     Plaintiff incorporates all the allegations of the previous paragraphs as if said allegations were set forth *in haec verba.*

29.    In doing the things herein alleged, Defendant Gucci America, Inc. falsely had Plaintiff Kimberly Ann Hellebuyck arrested by the Fairfax County Police;

30.    As a result of the foregoing actions of defendants, and each of them, plaintiff suffered the injuries and incurred the damages described in paragraphs 18 through 27, inclusive, *supra.*

31. In doing the things alleged herein, Defendant Gucci America, Inc. acted willfully, wantonly, intentionally, maliciously, fraudulently, and/or in conscious disregard of Plaintiff Kimberly Ann Hellebuyck's rights; said conduct justifies the award of punitive damages.

WHEREFORE, plaintiff prays that this Court order the following relief on the first cause of action:

    a.  General compensatory damages in the amount of Two Million and 00/100 dollars ($2,000,000.00).

    b.  Attorney fees and other legal expenses incurred in the amount of Nineteen Thousand Seven Hundred Sixty and 00/100 dollars ($19,760.00)

    c.  Medical expenses of Three Thousand Two Hundred and 00/100 dollars ($3,200.00) to date, and future medical expenses according to proof;

    d.  Loss of past and future salary in the amount of One Million Four Hundred Eight Thousand Six Hundred Thirty-Nine and 00/100 dollars ($1,408,639.00);

    e.  Loss of bonuses past and future in the amount of Four Hundred Twenty-Four Thousand Seven Hundred Twenty-Seven and 80/100 ($424,727.80);

    f.  Other special damages according to proof;

    g.  Punitive damages in the amount of Two Million and 00/100 dollars ($2,000,000.00);

    h.  Interest at the legal rate from the date of the arrest;

    i.  Costs of suit herein, and/or

    j.  Such other and further relief as the Court may deem just and proper.

**Second Cause of Action- Malicious Prosecution**

32. Plaintiff incorporates all the allegations of the previous paragraphs as if said allegations were set forth *in haec verba*.

33. In doing the things herein alleged, Defendant Gucci America, Inc, maliciously prosecuted Plaintiff Kimberly Ann Hellebuyck on the charge of embezzlement and maliciously pursued the charge of embezzlement;

34. As a result of the foregoing actions of Defendant Gucci America, Inc,, Plaintiff Kimberly Ann Hellebuyck suffered the injuries and incurred the damages described in paragraphs 18 through 27, inclusive, *supra*.

35. In doing the things alleged herein, Defendant Gucci America, Inc. acted willfully, wantonly, intentionally, maliciously, fraudulently, and/or in conscious disregard of Plaintiff Kimberly Ann Hellebuyck's rights; said conduct justifies the award of punitive damages.

WHEREFORE, plaintiff prays that this Court order the following relief on the second cause of action:

a. General compensatory damages in the amount of Two Million and 00/100 dollars ($2,000,000.00).

b. Attorney fees and other legal expenses incurred in the amount of Nineteen Thousand Seven Hundred Sixty and 00/100 dollars ($19,760.00)

c. Medical expenses of Three Thousand Two Hundred and 00/100 dollars ($3,200.00) to date, and future medical expenses according to proof;

d. Loss of past and future salary in the amount of One Million Four Hundred Eight Thousand Six Hundred Thirty-Nine and 00/100 dollars ($1,408,639.00);

7

e. Loss of bonuses past and future in the amount of Four Hundred Twenty-Four Thousand Seven Hundred Twenty-Seven and 80/100 ($424,727.80);

f. Other special damages according to proof;

g. Punitive damages in the amount of Two Million and 00/100 dollars ($2,000,000.00);

h. Interest at the legal rate from the date the prosecution was dismissed;

i. Costs of suit herein, and/or

j. Such other and further relief as the Court may deem just and proper.

**Third Cause of Action - Intentional Infliction of Emotional Distress**

36. Plaintiff incorporates all the allegations of all the paragraphs of this complaint as if said allegations were set forth *in haec verba*;

37. In doing the things alleged herein, Defendant Gucci America, Inc., acted intentionally and without legal authority;

38. In doing the things alleged herein, Defendant Gucci America, Inc. knew or should have known that its conduct would cause Plaintiff Kimberly Ann Hellebuyck emotional distress;

39. The conduct of Defendant Gucci America, Inc, as described herein was outrageous and intolerable in that it offended generally accepted standards of decency and morality;

40. As a result of the conduct of Defendant Gucci America, Inc., Plaintiff Kimberly Ann Hellebuyck suffered severe emotional distress;

8

41.    As a result of the conduct of Defendant Gucci America, Inc., Plaintiff Kimberly Ann Hellebuyck incurred the damages described in paragraphs 18 through 27, inclusive;

42.    In doing the things alleged herein, Defendant Gucci America, Inc. acted willfully, wantonly, intentionally, maliciously, fraudulently, and/or in conscious disregard of Plaintiff Kimberly Ann Hellebuyck's rights; said conduct justifies the award of punitive damages.

WHEREFORE, plaintiff prays that this Court order the following relief on the third cause of action:

a.   General compensatory damages in the amount of Two Million and 00/100 dollars ($2,000,000.00).

b.   Attorney fees and other legal expenses incurred in the amount of Nineteen Thousand Seven Hundred Sixty and 00/100 dollars ($19,760.00)

c.   Medical expenses of Three Thousand Two Hundred and 00/100 dollars ($3,200.00) to date, and future medical expenses according to proof;

d.   Loss of past and future salary in the amount of One Million Four Hundred Eight Thousand Six Hundred Thirty-Nine and 00/100 dollars ($1,408,639.00);

e.   Loss of bonuses past and future in the amount of Four Hundred Twenty-Four Thousand Seven Hundred Twenty-Seven and 80/100 ($424,727.80);

f.   Other special damages according to proof;

g.   Punitive damages in the amount of Two Million and 00/100 dollars ($2,000,000.00);

h.   Interest at the legal rate from the date of arrest;

9

i.   Costs of suit herein, and/or

j.   Such other and further relief as the Court may deem just and proper.

### Fourth Cause of Action – Gross Negligence, Willful and Wanton Negligence, Negligence

43.     Plaintiff incorporates all the allegations of all the paragraphs of this complaint as if said allegations were set forth *in haec verba*;

44.     In doing the things alleged herein, Defendant Gucci America, Inc. acted negligently;

45.     Additionally, and/or alternatively, in doing the things herein alleged, Defendant Gucci America, Inc. acted with such complete indifference to Plaintiff Kimberly Ann Hellebuyck as to constitute an utter disregard of caution amounting to a complete neglect of the interests of Plaintiff Kimberly Ann Hellebuyck as to shock fair-minded people;

46.     Thus, the actions of Defendant Gucci America, Inc. constitute gross negligence;

47.     Additionally, and/or alternatively, in doing the things herein alleged, Defendant Gucci America, Inc., acted consciously in disregard of Plaintiff Kimberly Ann Hellebuyck's rights or acted with reckless indifference to the consequences to Plaintiff Kimberly Ann Hellebuyck when ; when Defendant Gucci America, Inc. was aware of its conduct and was also aware, from its knowledge of existing circumstances and conditions, that its conduct would probably result in harm to Plaintiff Kimberly Ann Hellebuyck;

48.     Thus, the actions of Defendant Gucci America, Inc. constitute willful and wanton negligence;

49.    As a result of the foregoing actions of Defendant Gucci America, Inc., plaintiff suffered the injuries and incurred the damages described in paragraphs 18 through 27, inclusive, *supra*.

50.    In doing the things alleged herein, Defendant Gucci America, Inc. acted willfully, wantonly, intentionally, maliciously, fraudulently, and/or in conscious disregard of Plaintiff Kimberly Ann Hellebuyck's rights; said conduct justifies the award of punitive damages.

WHEREFORE, plaintiff prays that this Court order the following relief on the fourth cause of action:

a.    General compensatory damages in the amount of Two Million and 00/100 dollars ($2,000,000.00).

b.    Attorney fees and other legal expenses incurred in the amount of Nineteen Thousand Seven Hundred Sixty and 00/100 dollars ($19,760.00)

c.    Medical expenses of Three Thousand Two Hundred and 00/100 dollars ($3,200.00) to date, and future medical expenses according to proof;

d.    Loss of past and future salary in the amount of One Million Four Hundred Eight Thousand Six Hundred Thirty-Nine and 00/100 dollars ($1,408,639.00);

e.    Loss of bonuses past and future in the amount of Four Hundred Twenty-Four Thousand Seven Hundred Twenty-Seven and 80/100 ($424,727.80);

f.    Other special damages according to proof;

g.    Punitive damages in the amount of Two Million and 00/100 dollars ($2,000,000.00);

h.    Interest at the legal rate from the date of arrest;

i.   Costs of suit herein, and/or

j.   Such other and further relief as the Court may deem just and proper.

### Fifth Cause of Action – Wrongful Termination

51.   Plaintiff incorporates all the allegations of all the paragraphs of this complaint as if said allegations were set forth *in haec verba*;

52.   The purpose of the conduct of Defendant Gucci America, Inc.as described *supra*, was to terminate Plaintiff Kimberly Ann Hellebuyck;

53.   Because Defendant Gucci America, Inc. employed the techniques described above and falsely summoned the Fairfax County Police and gave false reports of the commission of crimes to said police in violation of Code of Virginia, 1950, as amended, § 18.2-461;

54.   Said termination was in violation of public policy and was wrongful;

55.   As a result of the foregoing actions of Defendant Gucci America, Inc., plaintiff suffered the injuries and incurred the damages described in paragraphs 18 through 27, inclusive, *supra*.

56.   In doing the things alleged herein, Defendant Gucci America, Inc. acted willfully, wantonly, intentionally, maliciously, fraudulently, and/or in conscious disregard of Plaintiff Kimberly Ann Hellebuyck's rights; said conduct justifies the award of punitive damages.

WHEREFORE, plaintiff prays that this Court order the following relief on the fifth cause of action:

a.   General compensatory damages in the amount of Two Million and 00/100 dollars ($2,000,000.00).

b.  Attorney fees and other legal expenses incurred in the amount of Nineteen Thousand Seven Hundred Sixty and 00/100 dollars ($19,760.00)

c.  Medical expenses of Three Thousand Two Hundred and 00/100 dollars ($3,200.00) to date, and future medical expenses according to proof;

d.  Loss of past and future salary in the amount of One Million Four Hundred Eight Thousand Six Hundred Thirty-Nine and 00/100 dollars ($1,408,639.00);

e.  Loss of bonuses past and future in the amount of Four Hundred Twenty-Four Thousand Seven Hundred Twenty-Seven and 80/100 ($424,727.80);

f.  Other special damages according to proof;

g.  Punitive damages in the amount of Two Million and 00/100 dollars ($2,000,000.00);

h.  Interest at the legal rate from the date of arrest;

i.  Costs of suit herein, and/or

j.  Such other and further relief as the Court may deem just and proper.

Plaintiff hereby demands trial by jury.

Respectfully submitted,

Kimberly Ann Hellebuyck
By counsel

Alan J. Cilman
Counsel for Plaintiff
Virginia State Bar #13066
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile:  (703) 268-5182
acilman@aol.com

13