UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| KIMBERLY ANN HELLEBUYCK, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 1:19-cv-1556 (LO/TCB) |
| GUCCI AMERICA, INC., | ) ) ) |  |
| Defendant. | ) ) |  |

## MEMORANDUM OPINON AND ORDER

This matter is before the Court on Defendant Gucci America, Inc.'s ("Defendant" or "Gucci") Motion for Sanctions against Plaintiff Kimberly Ann Hellebuyck ("Plaintiff") (Dkt. 42). For the reasons outlined below, Defendant's motion is denied.

I. RELEVANT BACKGROUND

**A.     The Court's July 13, 2020 Order**

On July 13, 2020, this Court entered an Order granting in part and denying in part Defendant's motion to compel. (Dkt. 41.) Of relevance here, the Court (1) required Plaintiff to produce responsive documents to Defendant's First Set of Requests for Production of Documents within ten days of the Order; and (2) ordered "that Plaintiff may face discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b) if she fails to comply with this Order, including dismissal of this matter." (*Id.* at 6.) Regarding Plaintiff's medical records, the Court further stated: "To the extent Plaintiff is waiting on certain medical records and documents demonstrating the expenses for medical care, Plaintiff must produce them promptly upon receipt." (*Id.* at 4 n.4.) Thereafter, Plaintiff produced some additional documents on July 21 (by

1

the Court's deadline) and July 28 (after the Court's deadline).[1]

### B. The Instant Motion

Defendant filed the instant motion on July 31, 2020 and noticed the motion for a hearing on Friday, August 21, 2020. (Dkts. 42-44.) Defendant argues that Plaintiff "still has not produced all the records relating to the medical care that she alleges she received for depression and related conditions she claims were caused by Gucci's conduct." (Dkt. 43 at 1.) As such, Defendant argues that it has been significantly prejudiced and requests that the Court dismiss Plaintiff's remaining claims as a discovery sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v).

There are two medical providers at issue here. First, Nils Brownworth (whom Plaintiff has identified as an expert witness) is a physician's assistant at Family Healthcare. During his deposition on June 8, 2020, "three additional groups of documents were identified to be produced:" (1) Brownworth's delegation agreement, (2) the records of Brownworth's telephone consultations with Plaintiff, and (3) a prescription log. (Dkt. 43 at 2.) Second, Plaintiff received treatment from Chandra Niklewski, a therapist at Cedar Ridge Counseling Centers. On June 17, 2020 (before Plaintiff's deposition), Plaintiff provided a letter dated June 16, 2020 recounting a March 2020 visit with Niklewski and a one-page document setting forth the fees for that single visit. At the time Gucci filed this motion, Plaintiff "still ha[d] not produced any of the additional records identified during Mr. Brownworth's deposition and still ha[d] not produced any records relating to any diagnosis or treatment she received from Ms. Niklewski." (Dkt. 43 at 4.)

Because Plaintiff designated Brownworth as an expert witness, as noted above, Gucci deposed him on June 8, 2020. Gucci also deposed Plaintiff on June 17, 2020. Gucci notes that it

---

[1] Plaintiff produced further bank records, loan documents, and credit card records. (*See* Dkt. 45 at 1-3.)

"chose not to seek a deposition of Ms. Niklewski during the discovery period because it assumed, based on Ms. Hellebuyck's failure to produce any documents from Ms. Niklewski's office, that [she] did not intend to rely upon Ms. Niklewski's diagnosis or treatment at trial." (Dkt. 43 at 6 n.3.) Because the Court had briefly extended discovery solely to take the depositions of Plaintiff and three Gucci employees, and Plaintiff produced the documents regarding Niklewski's treatment on the day of her deposition, Gucci argues that it was "deprived of the ability to depose the psychologist who Ms. Hellebuyck claims diagnosed her depression." (*Id.*)

Plaintiff filed an opposition on August 7, 2020. (Dkts. 45-46.) In addition to outlining the financial documents Plaintiff produced after the Court's July 13 Order, of relevance here, Plaintiff outlined the medical records she produced prior to the Court's July 13 Order. Those prior records include the notes "from every visit Plaintiff had [with Brownworth] regarding the effects of her false arrest and malicious prosecution and the other matters, which are the subject of this complaint," including "the notes of each visit, . . . lab work[,] and reports from other medical providers." (Dkt. 45 at 4.) As to the additional documents identified in Brownworth's deposition, Plaintiff states that although the medications Brownworth prescribed Plaintiff are reflected in the previously provided notes, it was noted in his deposition that "a prescription log was missing."[2] (Dkt. 45 at 4.) Further, "some notes indicated that there had been a phone call prior to a particular visit and P.A. Brownworth indicated that there could be a note for the telephone call." (*Id.*) Plaintiff informed the Court in her opposition that after much difficulty—as exhibited by the attached emails—she obtained the prescription log and delegation agreement from Family Healthcare and provided them to Defendant. As to the Cedar Ridge records, after

---

[2] Plaintiff also states, and Gucci does not contest, that she initially provided her CVS prescription records as well.

3

multiple attempts, Plaintiff was able to obtain the notes and bills from all visits with Niklewski and provide them to Defendant.

Defendant filed its reply on August 12, 2020 (Dkt. 47). Because a hearing would not aid the Court in its decisional process, the Court issues this Order to resolve the motion.

II. ANALYSIS

Federal Rule of Civil Procedure 37(b) contemplates sanctions for failure to comply with a court's discovery order. *See* Fed. R. Civ. P. 37(b). Of relevance here, if a party fails to obey a court's order granting a motion to compel under Rule 37(a), "the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The Fourth Circuit requires district courts to apply a four-part test to "determine what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F. 3d 500, 504 (4th Cir. 1998). This Court must therefore consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.* (citation omitted).

In the context of discovery sanctions, "[d]ismissal or non-monetary sanctions that are the equivalent of dismissal should be used sparingly and only in situations where their deterrent value cannot be substantially achieved by use of less drastic sanctions." *Kipperman v. Onex Corp.*, 260 F.R.D. 682, 699 (N.D. Ga. 2009) (citation omitted). Of relevance here, district courts should not dismiss a case as a sanction where the party's "failure to comply was due to inability, for example where requested information is not yet available, though it will later become so." *Id.* (citation omitted). The Court must also weigh the "sound public policy of deciding cases on their

merits" against dismissal. *Cf. Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974) (regarding dismissal for failure to prosecute). The Fourth Circuit has noted that while district courts have the discretion to dismiss cases, dismissal is reserved for circumstances where there is a "clear record of delay or contumacious conduct by the plaintiff." *Id.* (citation omitted). As such, "[a]ppellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal." *Id.* (citations omitted).

Here, the Court need only look to the fourth factor listed above to determine that dismissal of the remaining claims in this action is inappropriate and constitutes a sanction far too severe for the circumstances. It is clear from the record that Plaintiff has substantially complied with the Court's July 13 Order and has been thwarted by circumstances outside of her control— namely various medical institutions—in timely obtaining records. In recognizing this potential issue, the Court stated in its July 13 Order: "*To the extent Plaintiff is waiting on certain medical records and documents . . .* , Plaintiff must produce them *promptly upon receipt*." (*Id.* at 4 n.4 (emphasis added).) While Plaintiff's production has undoubtedly been delayed, Plaintiff provided Defendant with her medical records when she received them. Plaintiff's conduct here does not rise to the level of "contumacious" deserving of dismissal. *Cf. Nieves v. Rreal Image, Inc.*, No. 1:19-cv-1333 (TSE/TCB), 2020 WL 2858808, at *3-5 (E.D. Va. 2020) (recommending dismissal after the defendant's complete failure to participate in discovery).

On the other hand, the Court recognizes that Defendant has been prejudiced in its discovery efforts, particularly during various depositions (or lack thereof). Gucci notes that it already deposed Brownworth and Plaintiff, and that they "testified as to facts that would [have been] corroborated or contradicted by the documents that [Plaintiff] . . . failed to produce." (Dkt. 43 at 6.) Moreover, Gucci states that it forwent taking Niklewski's deposition because (1)

5

Plaintiff did not produce any information regarding her treatment with Niklewski until June 17 (after the Court extended discovery for the limited purpose of taking four depositions); and (2) it assumed—based on Plaintiff's failure to produce documents from Niklewski's office—that Plaintiff did not intend to rely upon Niklewski's diagnosis or treatment at trial.

Because of these circumstances, the best path forward must cure Defendant's prejudice without imposing extreme sanctions. Therefore, the Court grants Defendant leave to (1) re-take the depositions of Plaintiff and Brownworth as to the documents—financial and/or medical—that Plaintiff did not timely produce prior to their respective depositions; and (2) take Niklewski's deposition.[3] If Defendant chooses to proceed with any of these depositions, Plaintiff shall bear the entire expense.

### III. ORDER

Accordingly, it is hereby **ORDERED** as follows:

(1) Defendant's Motion for Sanctions (Dkt. 42) is **DENIED** to the extent that the Court will not dismiss the remainder of Plaintiff's claims in this action;

(2) The Court **GRANTS** Defendant leave retake the deposition of Plaintiff and Nils Brownworth as to the documents Plaintiff had not timely produced prior to their respective depositions;

(3) The Court **GRANTS** Defendant leave to depose Chandra Niklewski; and

(4) To the extent Defendant goes forward with the above depositions, Plaintiff shall bear the expenses.

---

[3] In the event that the parties cannot schedule the depositions before the final pretrial conference on September 18, 2020, the parties may file an appropriate motion.

ENTERED this 19th day of August, 2020.

                                                           /s/
                                 THERESA CARROLL BUCHANAN
                                 UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia